**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA                                                                                                LUCIUS T. OUTLAW III
FEDERAL PUBLIC DEFENDER                                                              ASSISTANT FEDERAL PUBLIC DEFENDER

April 29, 2013

**VIA EMAIL & ECF**
Honorable Peter J. Messitte
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re: *United States v. Nader Modanlo* (10-0295)

Dear Judge Messitte:

      As counsel for Mr. Modanlo, I write in regards to the conference held in chambers today. Specifically, I write to make sure the record is clear on two issues as explained below.

      **1)  The Defense Has Not, and Will Not Withdraw Its Claim that the Government Committed a *Brady* Violation**

      The apparent purpose of today's conference was to allow Assistant U.S. Attorney Harvey Eisenberg (chief of the National Security Section of the U.S. Attorney's Office of Maryland) to explain why the Government's untimely disclosure of exculpatory information provided by Mr. Nasseri was justified. *See* Dkt. No. 333 (for background on the Government's disclosure). According to Mr. Eisenberg, the information the Government received from Mr. Nasseri in 2010 had to go through a lengthy process to be classified and later declassified, and it was not until after the trial had begun that the Government considered the exculpatory statement at issue was potentially *Brady* information.

      Mr. Eisenberg's explanation does not justify the Government's untimely disclosure. First, Mr. Eisenberg did not represent that the specific information at issue was ever classified, so the question of why it was not disclosed sooner remains unanswered. Second, Mr. Eisenberg explained that the Government's interview memorandum of Mr. Nasseri was *declassified in August 2011*. From that moment in August 2011 there were no classification barriers to the Government providing the information to the Defense. Yet the Government did not do so until one year and seven months later, and *after* Mr. Modanlo's trial had started. The Government has not, and cannot provided a sufficient explanation for why it did not disclose the information soon after the memorandum was

declassified in 2011.[1] Second, it is my understanding that under the law "classified" does not trump *Brady*. If my understanding is correct, the Government's claim that the process of classifying/declassifying the interview of Mr. Nasseri justifies its untimely disclosure has no merit.[2]

### 2) *Ex Parte* Communications With The Court

The Defense was notified this morning of the Court's desire to hold a conference this afternoon. The Defense assumed that the Court wanted to discuss possible remedies related to the late disclosure issue. The Defense was not provided advanced notice that: a) Mr. Eisenberg (who is not an attorney of record for this case) would be attending and speaking; or b) the purpose of the conference was to hear and address Mr. Eisenberg's justification for the Government's untimely disclosure.

At the start of the hearing it was disclosed that the Government had made an *ex parte* request for the conference, and the Court granted the request. The Defense understands that the Court can communicate with the Government *ex parte* under certain conditions, particularly when national security is implicated. However, the Defense requests that in the future, if the Court is going to hold conferences similar to the one today, that the Defense be provided proper advanced notice that will allow the Defense to be prepared to address the issue(s) of the conference.

Sincerely,

-----------/s/------------------

Lucius T. Outlaw III
Assistant Federal Public Defender

Enclosure

cc: all counsel of record (via ECF)

---

[1] That other information in the interview memorandum may have implicated classified national security interests does not justify the Governments untimely disclosure. The Government could have disclosed the exculpatory information without producing the memorandum as it has done with similar *Brady* information the Government has obtained during interviews of witnesses and alleged co-conspirators. *See* Ex. 1 (disclosing information provided by Mr. Yakov Segel during an interview with the Government).

[2] This "classified" versus *Brady* issue will addressed in Defense's forthcoming brief requested by the Court.