IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. PJM-10-0295 |
| NADER MODANLO et al. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO LIMIT THE TRIAL
TESTIMONY OF VANN H. VAN DIEPEN**

Comes now Mr. Nader Modanlo by and through his undersigned counsel, hereby moves this Honorable Court pursuant to Rules 402 and 403 of the Federal Rules of Evidence to limit the expert trial testimony of Mr. Vann H. Van Diepen.  Specifically, Mr. Van Diepen should be precluded from testifying about Iran's involvement with the proliferation of missile and other military technology.

**BACKGROUND & ARGUMENT**

By letter dated April 5, 2013, the Government notified the Defense of its intent to call Mr. Van Diepen as an expert witness at trial.  *See* Ex. 1 (Gov't Notice Letter).  Mr. Van Diepen is the Principal Deputy Assistant Secretary of State for International Security and Nonproliferation.  *Id.* The Government's Notice states that Mr. Van Diepen will testify that the launch of SINA-1 was the first launch of an Iranian satellite and that the satellite was the result of a Iranian government program involving multiple Iranian governmental entities, particularly the Iran Electronics Industries and the Ministry of Science and Technology.  *Id.*  Mr. Van Diepen is also expected to testify about "certain of the governmental entities of Iran that are involved in missile proliferation and satellites."  *Id.*

Federal Rule of Evidence 402 is a complete bar to irrelevant evidence.  *See* Fed. R. Evid. 402 ("Irrelevant evidence is inadmissible.").  Testimony about Iran's involvement with the proliferation

1

of missile and other military technology has no relevance to this case. Mr. Modanlo has not been charged with any arms control/proliferation/export-related crime. And there is no charged allegation that Mr. Modanlo was involved with an effort by Iran to obtain missile or other military technology. Therefore any testimony by Mr. Van Diepen on this issue simply has no relevance to the case.

Even if the Court were to deem this testimony relevant, it still should be precluded pursuant to Federal Rule of Evidence 403. Rule 403 empowers the Court to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, or the jury being mislead. *See* Fed. R. Evid. 403. The minimal probative value offered by Mr. Van Diepen's proposed testimony about Iran's proliferation interests and efforts is greatly outweighed by the prejudice to Mr. Modanlo, the confusion his testimony would cause, and how the jury would be mislead by his testimony. Again, Mr. Modanlo has not been charged with any arms/missile export-related crime, and there is no charged allegations that Mr. Modanlo aided the Iranian government's arms/missile proliferation efforts. Yet the inference the jury would take from Mr. Van Diepen's proliferation-related testimony is obvious - - that Mr. Modanlo was aiding and abetting Iran's missile, nuclear, and military development. The only purpose of this testimony's is to inflame the jury's passions and fears. Such prejudice is incurable and devastating. Moreover, the proposed testimony would confuse the actual charges with the Government's speculation concerning Iran's proliferation efforts, and mislead the jury to believe that Mr. Modanlo's intent was to aid Iran's missile, nuclear, and military development. As a result, pursuant to Rule 403, Mr. Van Diepen should be precluded from testifying about Iran's missile and military proliferation interests and efforts.

The opinion of Judge Bates in *United States v. Quinn*, 401 F. Supp. 2d 80 (D.D.C. 2005), is instructive on both the relevance and prejudice issues. In granting the defendant's motion to strike from the indictment references to Iran as posing a threat to national security and as a supporter of international terrorism, the court explained that "the policies underlying the trade embargo against Iran are irrelevant to the charges defendants face." *Id.* at 98. As in this case, the defendants were

"not charged with providing material support to terrorists or some other crime. They are accused of trading with a country subject to an embargo without first obtaining government approval for the transactions. Furthermore, the crime that defendants are charged with is no more or less criminal because of the *reasons* the embargo is in place; the scienter element in this case requires the government to show only that defendants knew their conduct was illegal, not that they understood the policy motivations underlying the decision to prohibit it." *Id.* (emphasis in original). In addition to being irrelevant, the court reasoned, "[t]he potential for prejudice ... is substantial because of the seriousness with which the government and the public treat the present war on terrorism." The Court found "a real risk that jurors ... would give improper weight to ... references to terrorism" in the indictment. *Id.* For these reasons, the court ordered references to Iran as a national security threat and supporter of terrorism stricken from the indictment. *See id.*; *see also United States v. Elfgeeh*, 515 F.3d 100, 127 (2d Cir. 2008) (observing that "[t]here can be little doubt that in the wake of the events of September 11, 2001, evidence linking a defendant to terrorism in a trial in which he is not charged with terrorism is likely to cause undue prejudice," but finding no prejudice to defendant in light of trial judge's curative instructions and admonishment to prosecution to "avoid gratuitous mention of terrorism").

For these same reasons, the Court should preclude testimony from Mr. Van Diepen regarding Iran's nuclear program, its proliferation efforts, and/or any threats it may pose to national or international security.

|  |  |
|---|---|
| | Respectfully submitted,<br>JAMES WYDA<br><br>Federal Public Defender for the District of Maryland |
| May 8, 2013 | _____/s/_____<br>LUCIUS T. OUTLAW III<br>DOUGLAS MILLER<br>ELIZABETH G. OYER<br><br>Assistant Federal Public Defenders<br>100 South Charles Street<br>Tower II, 9th Floor<br>Baltimore, Maryland 21201<br>(410) 962-3962<br>(410) 962-0872 (fax)<br>Email: Lucius_Outlaw@fd.org<br>       Douglas_Miller@fd.org<br>       Liz_Oyer@fd.org |

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 8, 2013, a copy of the foregoing was electronically filed on this date, thereby all attorneys of record received notice of the filing via ECF.

                                             /s/
                              Lucius T. Outlaw III
                              Assistant Federal Public Defender