# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NADER MODANLO,** | * |
| Appellant, | * |
| v. | * Civil Action No. PJM 17-2544 |
| | * (*related to Criminal No. PJM 10-0295*) |
| **CHERYL E. ROSE,** | * |
| Appellee. | * |

## MEMORANDUM OPINION

### I.

This case demonstrates the awkward position a Judge finds himself in where, in a tangentially related civil proceeding, a litigant maligns him based on the fact that the Judge presided over a separate criminal proceeding in which a jury found the litigant guilty of serious crimes. This is particularly troublesome when the litigant, because he was granted executive clemency after his sentence was imposed, waived any and all right to continue an appeal of his criminal conviction and sentence, including his claims of the Judge's supposed misconduct.

This is not a case of a Judge trying to suppress remarks of a litigant disgruntled at the outcome of his criminal conviction. It is, rather, an effort to balance the record in the civil case brought by the criminal litigant where, at first blush, there is no opposing party to respond to the aspersions the litigant has cast upon the Judge. Either the record in the civil litigation must remain unbalanced or the Judge is forced to stoop to the litigant's level to deny his aspersions.

Nader Modanlo, the debtor-appellant in this bankruptcy proceeding has created this situation for the undersigned within the present bankruptcy proceeding by filing a Motion to Disqualify the undersigned as Judge in the proceeding and, in effect, has attempted to immunize his attack by opposing any filing by the one party that could effectively respond to his remarks – the U.S. Attorney for the District of Maryland who prosecuted his criminal case.

## II.

In brief, on June 10, 2013, a jury in this district found Nader Modanlo guilty of ten counts of criminal conduct related to his prohibited commercial relationship with the Republic of Iran.[1] The undersigned, satisfied that the evidence of Modanlo's guilt was well established, sentenced him to 8 years in prison, supervised release of 3 years, a special assessment of $1,000.00, and entered an order of forfeiture in the amount of $10,000,000.00. *United States v. Modanlo*, Crim. No. PJM-10-295-1, ECF No. 503. Modanlo, represented by counsel, filed an appeal with the U.S. Court of Appeals for the Fourth Circuit. The Government was represented by the U.S. Attorney's Office for this District. The undersigned, as is invariably the case with trial judges, had no part in – indeed no knowledge of – the issues Modanlo raised on appeal.

The undersigned subsequently was to learn, however, that Modanlo's counsel, *inter alia*, raised challenges as to the conduct of the undersigned during the criminal trial, challenges to the trial judge's conduct of a case being more or less routine for individuals pursuing appeals of their criminal convictions. The Government, presumably, responded appropriately. As with Modanlo's issues, the undersigned had no knowledge of the content of the Government's

---

[1] Specifically, he was found guilty of: one count of conspiracy to defraud the United States and to violate the International Emergency Economic Powers Act; two counts of violating the International Emergency Economic Powers Act; six counts of money laundering; and one count of obstruction of bankruptcy proceedings. *United States v. Modanlo*, Crim. No. PJM-10-295-1, ECF Nos. 398, 503.

response. Following oral argument before a Three-Judge Panel of the Fourth Circuit, the undersigned did hear that, among other issues, the Panel had vigorously questioned the U.S. Attorney regarding Modanlo's argument that there had been *ex parte* contacts between the U.S. Attorney and the undersigned or the undersigned's chambers. Even so, the undersigned simply awaited the decision of the Fourth Circuit, whatever that might be.

However, before the Fourth Circuit could rule, President Obama issued an Order granting Modanlo executive clemency and commuting his sentence, a condition of which was that he abandon his appeal, which he did. *See* Executive Grant of Clemency, ECF No. 16-2. Notwithstanding this, Modanlo's conviction remained fully intact and all aspects of the case at the trial level, including the trial judge's conduct, remained the law of the case.

Then apparently came Modanlo's battle with the Bankruptcy Court of this District, in particular his opposition to the grant of fees to the Trustee and Trustee's counsel. ECF No. 1. The bankruptcy case, as it happened, was assigned to the undersigned. Almost immediately, Modanlo, supposedly representing himself in the proceeding,[2] filed a Motion to Disqualify the undersigned from hearing the case, harking back to all the alleged *ex parte* contacts that Modanlo believed had infested his criminal case. ECF No. 6.

---

[2] Modanlo's aspersions were sharp and cutting and – indeed – although ostensibly drawn up by Modanlo *Pro Se* – have a fluency suggesting that an attorney had a hand in crafting them.

Accordingly, the undersigned directed Modanlo to furnish the name or names of any attorney who might have assisted him in preparing, but not signing the pleadings. *See* Local Rule 102.1(a)(ii) (requiring that an attorney who helps prepare a pleading for an ostensibly *pro se* litigant must be identified to the Court). After first objecting to having to give such information, Modanlo subsequently stated that he acted alone, relying on his attorney's filings in the criminal appeal. ECF No. 10. After further prodding, Modanlo finally gave the name of the attorney primarily responsible for handling his criminal appeal, Kelly Kramer, Esquire, of the Law Firm of Mayer Brown LLP. ECF No. 13.

Thence the problem for the undersigned. Although the Bankruptcy Trustee opposed Modanlo's Motion to Disqualify, she was of course in no position to answer the attacks that Modanlo had directed at the undersigned.

The undersigned, therefore, made the following decision: He invited the U.S. Attorney from the criminal case to file in the bankruptcy proceeding a statement of the Government's position *vis-a-vis* Modanlo's challenges to the Court's alleged *ex parte* contacts with the Government in the criminal case, including if possible an excerpt from the Government's brief in the criminal appeal that specifically responded to Modanlo's attacks in this regard.

The Government has now submitted a written response in this bankruptcy proceeding, including its brief in the criminal appeal, which have become part of the public record in this case. ECF No. 16. (The Government does not seek to intervene as a party in the bankruptcy case and the undersigned never intended for it to do so.)

Now – whatever Modanlo has said about the undersigned in the present case – has been effectively answered – for all the public to see. Little more need to be said.

The undersigned is fully satisfied that Modanlo was convicted of serious crimes after a fair trial and that is the fact that history will record.[3]

But the undersigned has no desire to give Modanlo a forum to continue his unbridled attacks – including possibly taking an appeal in this bankruptcy case and repeating his attacks on appeal – if his request to deny fees in the bankruptcy case is denied.

---

[3] Notably, of course, Modanlo's challenges to the undersigned's conduct do not point to his innocence of the crimes of which he was convicted. Moreover, the fact that Modanlo (along with just a few others) was granted executive clemency as a result of the apparent intervention on his behalf by the Government of Iran – an entity that, at trial, Modanlo in effect disavowed any link with – also remains a part of the historic record.

That said, the undersigned – on its own motion – will voluntarily **RECUSE** himself from this proceeding and will permit Modanlo to pursue his bankruptcy claims before a different Judge, to be decided based on whatever merit those claims may have.

But just so the record is clear:

Modanlo's Motion to Disqualify District Judge Peter J. Messitte (ECF No. 6), baseless as it is, will be **DENIED**.

A separate Order will be **ENTERED**.

February 5, 2018

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**